1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  THOMAS KITCHEN,                           CASE NO. 10-cv-01567-SKO PC

10                        Plaintiff,         SCREENING ORDER DISMISSING
                                             COMPLAINT, WITH LEAVE TO AMEND,
11        v.                                 FOR FAILURE TO STATE A CLAIM

12  W. A. DUNCAN, et al.,                    (Doc. 1)

13                        Defendants.        THIRTY-DAY DEADLINE
    _____/

14

15                              **Screening Order**

16  **I.    Screening Requirement**

17        Plaintiff Thomas Kitchen, a state prisoner proceeding pro se and in forma pauperis, filed this

18  civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2010.  The Court is required to screen

19  complaints brought by prisoners seeking relief against a governmental entity or officer or employee

20  of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion

21  thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a

22  claim upon which relief may be granted, or that seek monetary relief from a defendant who is

23  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any

24  portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

25  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."

26  28 U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader

28  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2 do not suffice," <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell</u>

3 <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

4 to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir.

5 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

6 legal conclusions are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

7       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8 in the deprivation of his rights.  <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th

9 Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim

10 for relief.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir.

11 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>,

12 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

13 **II.**    **Plaintiff's Complaint**

14     **A.**    **Summary**

15       Plaintiff is incarcerated at Kern Valley State Prison, and he brings this action against

16 California Department of Corrections and Rehabilitation Deputy Director W. A. Duncan; medical

17 doctors Edgar Clark, Joseph Obaiza, McCabe, and Neubarth; family nurse practitioners McCloskey,

18 Bondoc, and Rouch; and Does 1-20.  Plaintiff alleges that his rights to medical care and to personal

19 safety under the Eighth Amendment of the United States Constitution were violated, and that prison

20 officials were negligent, in violation of California law.  Plaintiff seeks damages, a declaratory

21 judgment, and injunctive relief.

22     **B.**    **Improper Joinder of Claims and Parties**

23       Plaintiff's claims arise from different incidents involving at least two different prisons.

24 Plaintiff references a double-celling policy implemented in 2003 by Defendant Duncan and another

25 policy directing the evaluation of  indeterminate Security Housing Unit terms to combat violence.

26 Plaintiff also seeks relief for the failure to provide him with proper or adequate care for Hepatitis C,

27 chronic pain, dental needs, and a shoulder condition.  Finally, Plaintiff claims that prison officials

28 failed to protect his personal safety.

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997); <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

At this juncture, as discussed in the following subsections, Plaintiff has not stated any cognizable claims for relief and therefore, the Court declines to determine which claims against which parties are permissible under Rules 20(a)(2) and 18(a), respectively.  In amending his complaint, Plaintiff should note the applicable rules and he is forewarned that unrelated claims against unrelated parties will not be permitted to proceed.  Fed. R. Civ. P. 21.

Additionally, the Court takes judicial notice of case number 1:10-cv-00663-MJS PC <u>Kitchen v. Rouch</u>, filed on April 15, 2010.  Named in that action, in relevant part, are Rouch, Clark, Neubarth, Bondoc, Obaiza, and McCloskey, all of whom are medical care providers named as parties in this action.  Plaintiff alleges deliberate indifference to his serious medical needs, and he challenges changes to his pain medications and the failure to control his chronic pain, which are issues identified in this action.  It is Plaintiff's responsibility to ensure that he does not litigate duplicative claims in separate actions.  As <u>Kitchen v. Rouch</u> is the earlier-filed case, any duplicative claims must be litigated in that action and should not be re-alleged in the amended complaint in this action.  If the Court determines that Plaintiff has alleged duplicative claims, it will dismiss those claims from this action.

## C.     **Eighth Amendment Claims**

### 1.     **Medical Care**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are very general in nature and he fails to set forth specific facts supporting his claim that Defendants were deliberately indifferent to his medical and dental needs. Plaintiff must allege sufficient facts to demonstrate that he had medical or dental needs which were objectively serious and that each defendant named knowingly disregarded that objectively serious risk of harm to his health, Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004), which is a high legal standard to meet, Toguchi, 391 F.3d at 1060. Plaintiff's mere disagreement with courses of treatment does not support a claim, and therefore, the allegation that medications were changed or discontinued, alone, does not state a claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

## 2.   Failure to Protect Plaintiff from Harm

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth

4

Amendment violation where prison officials know of and disregard a substantial risk of serious harm.  E.g., Farmer at 847; Hearns at 1040.

Plaintiff alleges that his personal safety was endangered and he describes an incident in which he was stabbed while coming to the assistance of another inmate who was being attacked. However, the existence of violence in prison does not, without more, support an Eighth Amendment claim.  See Johnson v. California, 543 U.S. 499, 515, 125 S.Ct. 1141 (2005) (prisons are dangerous places); Lewis v. Casey, 518 U.S. 343, 391, 116 S.Ct. 2174 (1996) (prisons are inherently dangerous).  Plaintiff must link the defendants to an action or omission which demonstrates the knowing disregard of a substantial risk of harm to Plaintiff's safety.  Here, the complaint is devoid of any facts supporting Plaintiff's claim that prison officials were deliberately indifferent to his safety.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### D.    Negligence

Finally, Plaintiff alleges a claim for negligence.  California's Tort Claims Act (CTCA) requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1]  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, Plaintiff must allege compliance with the CTCA.  Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Here, although Plaintiff alleges that he exhausted his claims, he incorporates by reference exhibits pertaining to exhaustion of the prison's inmate appeals process.  Exhaustion of that process is required for Plaintiff to pursue his section 1983 claims, 42 U.S.C. § 1997e(a), but it does not

---

[1] Formerly known as the State Board of Control.

1   satisfy the CTCA with respect to Plaintiff's negligence claim.  To proceed on his state law tort claim,

2   Plaintiff must allege compliance with the CTCA.

3       Assuming Plaintiff did comply with the CTCA and can cure the aforementioned pleading

4   deficiency, the elements that must be shown to establish negligence under California law are: (1)

5   defendant's obligation to conform to a certain standard of conduct for the protection of others against

6   unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably

7   close connection between the defendant's conduct and resulting injuries (proximate cause); and (4)

8   actual loss (damages).  Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (citing McGarry v. Sax,

9   158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008)) (quotation marks omitted).  In addition to the

10  failure to plead exhaustion, Plaintiff's complaint does not set forth sufficient facts to support a

11  plausible claim for relief against the named defendants for negligence.  Iqbal, 129 S.Ct. at 1949-50;

12  Moss, 572 F.3d at 969.

13  **III.   Conclusion and Order**

14      Plaintiff's complaint fails to state any claims upon which relief may be granted.  The Court

15  will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d

16  1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may

17  not change the nature of this suit by adding new, unrelated claims in his amended complaint.

18  George, 507 F.3d at 607.

19      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129

21  S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

22  a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

23      Further, with respect to supervisory, managerial, or executive-level personnel, Plaintiff must

24  still demonstrate that each named defendant personally participated in the deprivation of his rights.

25  Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir.

26  2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

27  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the

28  violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

1   accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales, 567

2   F.3d at 570; Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.

3   2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Liability may not be imposed on

4   supervisory personnel under the theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948-49; Ewing,

5   588 F.3d at 1235.

6          Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

7   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

8   "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

9   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

10  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

11  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

12         Based on the foregoing, it is HEREBY ORDERED that:

13      1.    The Clerk's Office shall send Plaintiff a complaint form;

14      2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

15             be granted;

16      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

17             amended complaint; and

18      4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

19             action will be dismissed, with prejudice, for failure to state a claim.

20

21  IT IS SO ORDERED.

22  **Dated:    August 24, 2011**                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28